IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DR. ROSE C. MERCHANT            *
       Plaintiff,
    v.                                              *    CIVIL ACTION NO. PJM-10-834

FAIRFAX COUNTY, VIRGINIA, et al.     *
       Defendants.
                                                         ***

## **MEMORANDUM OPINION**

On April 5, 2010, Plaintiff, a resident of Fort Washington, Maryland, filed this fee-paid, *pro se* Complaint invoking this Court's diversity and civil rights jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1343 and citing in general to the laws of Maryland and Virginia. Plaintiff complains that Defendants violated her Fourth Amendment rights by subjecting her to malicious arrest, imprisonment, and prosecution without probable cause on a charge of impersonating an officer. According to the statement of claim the incidents of which Plaintiff complains of occurred in February of 2009. Paper No. 1. The events set out in the Complaint occurred in Fairfax County, Virginia. The Complaint sets out counts of malicious prosecution, civil rights violation, conspiracy to violate civil rights, supervisory liability, deprivation of rights under the United States Constitution and 42 U.S.C. § 1983, and conspiracy to injure business. Plaintiff seeks compensatory and punitive damages, along with costs and attorney fees. *Id*.

Assuming, arguendo, that Plaintiff may bring these claims in federal court, the Court deems it appropriate to transfer his case.

> Under Title 28 U.S.C. § 1391 (b), [a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any of the defendants reside, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred..., and (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

In enacting § 1391(b), Congress intended to restrict venue to "either the residence of the defendants or to 'a place which may be more convenient to the litigants'-- *i.e.*, both of them-- 'or to the witnesses who are to testify in the case.'" *Leroy v. Great Western United*, 443 U.S. 173, 185 (1979). In most cases, the purpose of a statutorily specified venue statute is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place for trial. *Id*. at 183-84.

Defendants are all located in Virginia and all of the events or omissions giving rise to Plaintiff's claims occurred there. Accordingly, the Court will, by separate Order filed this date, TRANSFER this case to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1406(a).[1] *See Waytes v. City of Charlottesville*, 153 F.3d 725 (4th Cir. 1998) (when confronted with a case laying venue in the wrong district, district court is statutorily obligated to dismiss the case unless transferring the case to a district where the action could have been brought is in the interest of justice).

|  | /s/ |
|---|---|
|  | PETER J. MESSITTE |
| April 14, 2010 | UNITED STATES DISTRICT JUDGE |

---

[1] Decisions with regard to service of process shall be left to the transferee court.